## Case No. 15,549.

UNITED STATES ex rel. CROOKE v. LA-FAYETTE COUNTY COURT.

[5 Dill. 288, note.] [1]

Circuit Court, W. D. Missouri. 1879.

MANDAMUS TO LEVY TAX—DUTY OF COUNTY COURT IN RESPECT TO COLLECTION—RETURN.

Before DILLON. Circuit Judge, and KRE-KEL, District Judge.

DILLON, Circuit Judge. In the case of United States ex rel. Crooke v. Lafayette County Court, the circuit judge substantially said: The relator, having recovered judgment, obtained, in the spring of 1877, a writ of mandamus, requiring the levy and collection of a tax on Lexington township. Several returns have been made by the respondents, but no money has been paid. These returns are summed up in the last, which states that the county court had levied a tax of one-tenth of one per cent. on all the assessed property, but the tax had not been paid. Thereto is appended a report of the collector, who says that he made sundry levies on personal property for the payment of other similar writs, but that the property had been taken from him by writs of replevin issued from the state courts, and that at tax sales no bidders appeared, and that tax-bills duly presented had been left unpaid, and that hence his efforts had been fruitless, and nothing had been paid; in short, it appears that in response to the writ issued a year and a half ago, a levy was made, tax-bills were issued to the collector, and he has done nothing whatever with them because his efforts had failed in other cases; because suits of replevin and a failure of bidders occurred as to other cases, he concluded it would be the same in this case. That does not satisfy the command of this court. The writ has been out a year

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.] .

and a half, and nothing has been done therewith. This debt of the county, being reduced to a judgment, is just as binding and valid as a debt for a court-house, and should be so treated; and if public officials were to abandon efforts to collect such debts, the community would not approve of their action. It is the duty of the county court to contest such replevin suits. Without assuming to state what should be done, it is at least clear in this case that nothing has been done herein towards collecting the tax. If the replevin suits had been appealed, and everything done that could have been done, a case would be presented different from that now before us. When judgments are given in this court, we will not doubt that they will be duly respected.

In the present case, we will grant the request of the respondents to make a further and more detailed return. And herein, or in some other case, one of us will take opportunity to write out our views at length as to the respective duties of the county justices and the collector in relation to the collection of taxes levied in obedience to a mandamus of this court.